UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| JON REITENBACH, on behalf of himself and all others similarly situated,  )<br>)<br>Plaintiffs,  )<br>)<br>v.  )<br>)<br>FIRE & SMOKE, LLC d/b/a FIRE & SMOKE GASTROPUB; TYLER RICE, individually; and LESLIE RICE, individually,  )<br>)<br>)<br>)<br>Defendants.  )<br>) | C/A:  4:19-cv-02957-MGL<br><br>**FLSA COLLECTIVE ACTION**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, Jon Reitenbach ("Reitenbach"), on behalf of himself and all others similarly situated, ("Plaintiffs"), complaining of the acts of Defendants Fire & Smoke, LLC d/b/a Fire & Smoke Gastropub ("FIRE & SMOKE"); Tyler Rice, individually, and Leslie Rice, individually (FIRE & SMOKE; Tyler Rice and Leslie Rice collectively "Defendants") allege as follows:

## NATURE OF CLAIM

1. This action is brought individually and as a collective action for actual damages, liquidated damages, attorneys' fees and costs, and for other relief under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq. ("FLSA"). The collective action provisions under the FLSA, § 216(b), provide for opt-in class participation.

2. This action is also brought individually and as a class action for payment of wages and for other relief under the South Carolina Payment of Wages Act, South Carolina Code Ann. § 41-10-10, et. seq. ("SCPWA"). These claims are proposed as opt-out class claims under Rule 23 of the Federal Rules of Civil Procedure.

**PARTIES, JURISDICTION, and VENUE**

3..    Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

4.    Reitenbach is a citizen and resident of Horry County, South Carolina.

5.    FIRE & SMOKE is a South Carolina limited liability company maintaining offices and agents in Horry County, South Carolina. FIRE & SMOKE is an employer of individuals and operates a restaurant in Horry County, South Carolina, doing business as Fire & Smoke Gastropub.

6.    Upon information and belief, Tyler Rice is a citizen and resident of Horry County, South Carolina, and is an owner and/or member of FIRE & SMOKE, or otherwise is an individual who had the authority to establish the specific policies of the FIRE & SMOKE Tip Pool, which is described below.

7.    Upon information and belief, Leslie Rice is a citizen and resident of Horry County, South Carolina, and is an owner and/or member of FIRE & SMOKE, or otherwise is an individual who had the authority to establish the specific policies of the FIRE & SMOKE Tip Pool, which is described below.

8.    Reitenbach was employed at FIRE & SMOKE in Horry County, South Carolina. A substantial part of the events giving rise to these claims occurred in Horry County.

9.    This court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 based upon Plaintiffs' claims under the FLSA.

10.    Plaintiffs brings this action, as an opt-in Collective Action pursuant to 29 U.S.C. § 216(b), on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from

which FIRE & SMOKE required a portion of those tips to be placed in the mandatory tip pool created by FIRE & SMOKE ("Tip Pool").

11. Reitenbach also brings this action as an opt-out class action under Rule 23 of the Federal Rules of Civil Procedure, on behalf of a class of individuals defined as follows: nonexempt employees of Defendants at any time within the three (3) years prior to joining this lawsuit, who were paid a direct, or hourly, rate less than the minimum wage of Seven and 25/100 dollars ($7.25) per hour, received tips, from which FIRE & SMOKE required a portion of those tips to be placed in the Tip Pool, without written or legal authorization.

12. Upon information and belief, this action satisfies the requirements of Fed. R. Civ. P. 23(a), as alleged in the following particulars:

    a. The proposed Plaintiff class is so numerous that joinder of all individual members in this action is impracticable;

    b. There are questions of law and/or fact common to the members of the proposed Plaintiff class;

    c. The claims of Plaintiff are typical of the claims of the proposed Plaintiff class; and

    d. Plaintiff will fairly and adequately protect the interests of the class.

13. In addition, upon information and belief, this action satisfies one or more of the requirements of Fed. R. Civ. P. 23(b), because the questions of law and/or fact common to the members of the proposed Plaintiff class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

14. Venue in this District and in this Division is appropriate pursuant to 28 U.S.C.

1391(b)(2) and 1391(c), as a substantial part of the events giving rise to the claims herein occurred in this Division, the Defendants have extensive and deliberate contacts in this Division, and one of the individual Defendants is a resident of this Division.

15. Based upon the above, jurisdiction and venue are proper in this court and division.

16. The work and pay records, including the "tip-out" reports, of Reitenbach, and the members of the putative class are in the possession, custody, and/or control of Defendants, and Defendants are under a duty, pursuant to section 11(c) of the FLSA, 29 U.S.C. § 211(c), and the regulations of the United States Department of Labor, to maintain and preserve such payroll and other employment records from which the amount of Defendants' liability can be ascertained. Plaintiffs request an order of this Court requiring Defendants to preserve such records during the pendency of this action.

## FACTS

17. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

18. Defendants own and / or operate FIRE & SMOKE.

19. Defendant Tyler Rice exercises operational control over FIRE & SMOKE. On information and belief, Tyler Rice is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or he hired the individuals to whom he delegated this authority, therefore, Tyler Rice is individually liable to Plaintiffs.

20. Defendant Leslie Rice exercises operational control over FIRE & SMOKE. On information and belief, Leslie Rice is involved in the decisions to set the wages and pay, including the Tip Pool, for Plaintiffs, or she hired the individuals to whom she delegated this authority, therefore, Leslie Rice is individually liable to Plaintiffs.

21. Reitenbach was employed by FIRE & SMOKE from approximately May of 2016 through April of 2019 as a server.

22. Defendants paid Reitenbach, and on information and belief all Plaintiffs, a direct, or hourly, wage less than the statutory minimum wage by taking the "Tip Credit" under the FLSA, 29 U.S.C. § 203(m).

23. FIRE & SMOKE had a policy that required Reitenbach, and on information and belief all Plaintiffs, to remit, from the tips they received, a portion of their tips at the end of each shift into the mandatory Tip Pool, or to give a portion of their tips to other employees who were not employees who "customarily and regularly" received tips, specifically the dishwasher.

24. FIRE & SMOKE had a policy that required Reitenbach, and on information and belief all Plaintiffs, to remit, from the tips they received, a portion of their tips at the end of each shift into the mandatory Tip Pool, or to give a portion of their tips to Defendant Leslie Rice when she may have performed duties of a hostess.

**FOR A FIRST CAUSE OF ACTION**
**Violation of Fair Labor Standards Act**
**29 U.S.C. § 203(m), 206**
**(Violation of Tip Credit / Failure to Pay Proper Minimum Wage)**

25. Plaintiffs reallege each and every allegation contained in the above paragraphs as if repeated here verbatim.

26. At all times relevant to this Complaint, Defendants engaged in interstate commerce or in the production of goods for commerce as defined by 29 U.S.C. § 203(r) and 203(s).

27. At all times relevant to this Complaint, Defendants' annual gross volume of sales made or business done was not less than Five Hundred Thousand and 00/100 dollars ($500,000.00). Alternatively, Plaintiffs worked in interstate commerce so as to fall within the protection of the FLSA.

28.     The business of Defendants was and is an enterprise engaged in commerce as defined by 29 U.S.C. § 203(s)(1) and, as such, Defendants are subject to, and covered by, the FLSA.

29.     The FLSA, 29 U.S.C. § 206, requires employers to pay its nonexempt employees a minimum wage of Seven and 25/100 dollars ($7.25) an hour.

30.     The FLSA, 29 U.S.C. § 203(m), provides an exception allowing certain employers to take a "Tip Credit" and pay less than the statutory minimum wage to tipped employees, on the condition that any pooling, or sharing, of tips is shared only with other employees who customarily and regularly receive tips.

31.     Reitenbach, and on information and belief all Plaintiffs, were required by Defendants to pool, or share, their tips with employees, who are not employees who customarily and regularly receive tips, therefore, the Tip Pool is invalidated.

32.     When the Tip Pool is invalidated, the employer can no longer enjoy the benefits of the Tip Credit provision, 29 U.S.C. § 203(m).

33.     Defendants have violated the FLSA, 29 U.S.C. § 203(m), 206, in reckless disregard of the rights of Plaintiffs.

34.     As such, Plaintiffs seek to recover from Defendants the following damages:

    a.     actual damages;

    b.     liquidated damages of an equal amount; and

    c.     reasonable attorneys' fees and the costs and disbursements of this action.

**FOR A SECOND CAUSE OF ACTION**
**(South Carolina Payment of Wages Act)**
**(Individual and Class Action)**

35.     Plaintiffs, on behalf of themselves and all similarly situated employees, reallege

6

and incorporate by reference all preceding paragraphs as if they were set forth herein verbatim.

36. Each Defendant is an "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

37. Defendants employed Plaintiffs and the members of the Plaintiffs' class within the State of South Carolina.

38. Plaintiffs worked for Defendants with the clear understanding and agreement with Defendants that their compensation would be consistent with all applicable laws, including state wage laws.

39. Plaintiffs had an employment agreement with Defendants whereby they would be paid wages for all hours worked.

40. SCPWA § 41-10-10(2) defines wages as "all amounts at which labor rendered is recompensed, whether the amount is fixed or ascertained on a time, task, piece, or commission basis, or other method of calculating the amount and includes vacation, holiday, and sick leave payments which are due to an employee under any employer policy or employment contract."

41. Money received by Plaintiffs as tips were "wages" as defined by SCPWA, § 41-10-10(2).

42. Pursuant to the SCPWA § 41-10-40(C), "[a]n employer shall not withhold or divert any portion of the employee's wages unless the employer is required or permitted to do so by state or federal law.

43. Defendants illegally deducted amounts from the wages of Plaintiffs without proper authorization.

44. Defendants owe Plaintiffs these tips that were illegally deducted from their wages.

45. Defendants actions were willful, and Defendants have no good faith reason why

they took this action.

46.     Pursuant to S.C. Code § 41-10-80(C), Plaintiffs and the members of the Plaintiffs' class are entitled to recover in this action an amount equal to three times the full amount of their deducted wages, as outlined above, plus costs and reasonable attorneys' fees.

WHEREFORE, having fully set forth their allegations against Defendants, Plaintiffs respectfully request that the Court enter judgment for the following relief:

    a.     An order authorizing the sending of appropriate notice to current and former employees of Defendants who are putative members of the collective action, but have yet "opted-in," under the FLSA;

    b.     An order prohibiting Defendants from violating the FLSA, particularly the Tip Credit, in the future;

    c.     For Plaintiffs, under the first and second causes of actions:

        i.     actual damages in an amount to be determined;

        ii.    liquidated damages of an equal amount;

    d.     An order certifying a class action under Rule 23 of the Federal Rules of Civil Procedure to remedy the class-wide violations of the South Carolina Payment of Wages Act;

    e.     Actual damages in the amount of wages due under SCPWA;

    f.     Treble damages pursuant to SCPWA;

    g.     Reasonable attorneys' fees and costs;

    h.     Injunctive relief ordering Defendants to amend their wage and hour policies to comply with applicable federal and state laws; and

    i.     Such further relief as the Court deems just and proper.

Plaintiffs request a trial by jury.

                                          Bruce E. Miller, Esq. (Fed Bar No. 3393)
                                          BRUCE E. MILLER, P.A.
                                          147 Wappoo Creek Drive, Suite 603
                                          Charleston, SC  29412
                                          T: 843.579.7373
                                          F: 843.614.6417
                                          bmiller@brucemillerlaw.com

                                          **ATTORNEY FOR PLAINTIFFS**

CHARLESTON, SC

October 17, 2019